UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DONALD R. FERGUSON,

    Debtor,
_____/

Case No. 11-48890
Chapter 7
Hon. Walter Shapero

DISCOVER BANK,

    Plaintiff,

v.

DONALD R. FERGUSON,

    Defendant.
_____/

Adv. Pro. No. 11-05854

## OPINION GRANTING DEFENDANT SUMMARY JUDGMENT AND REASONABLE ATTORNEY'S FEES AND COSTS

On or about December 30, 2009, Donald Ferguson ("Defendant") was traveling through Tennessee, when his pickup truck broke down. To pay for the repair of the truck, Defendant utilized his credit card from Discover Bank ("Plaintiff"). Defendant's credit card statement for December 2009 reflects that Defendant incurred a $3,072.44 repair debt on December 30, 2009. (Def.'s Mot. Summ. J. (Docket No. 21), Document 21-3, at 1.) After Defendant disputed the amount of the charge, Plaintiff issued him a temporary credit on February 1, 2010, of $2,902.44 pending its own investigation, as shown on Defendant's January 2010 statement. (Id. at 4.) As Plaintiff's investigation progressed, it continued to give differing treatment to the payment of the automotive repairs: on February 21, 2010, Plaintiff charged Defendant $2,902.44; on August 6, 2010, Plaintiff rendered another credit of $2,902.44; and, sometime between August 11, 2010, and September 10,

2010 ("post date" of September 10th), Plaintiff charged Defendant's account one last time for $2,902.44. (Def.'s Mot. Summ. J. (Docket No. 21), Document 21-3, at 5, 15, & 17.)

On March 30, 2011, which is no less than 202 days later, Defendant filed his chapter 7 bankruptcy. Plaintiff thereafter filed this adversary proceeding seeking for the $2,902.44 debt to survive discharge under 11 U.S.C. § 523(a)(2)(C). The foundation alleged in the suit was that Defendant incurred the debt on December 30, 2010, which would put the incurrence within the 90-day time frame preceding his bankruptcy and proscribed by § 523(a)(2)(C). In bringing the suit, Plaintiff relied upon a lone transaction document that it created for Defendant, which Plaintiff filed as an exhibit and is now known to be inaccurate. (See Comp., Ex. 1.)

Defendant responded to the complaint with only an "admit/deny" answer. Defendant concedes that thereafter Plaintiff contacted him at least once in an effort to settle the suit, and that he did not respond. Per Plaintiff, it was not until on or about November 16, 2011, that Defendant finally informed Plaintiff of the debt's extensive history and its correct date of incurrence. Plaintiff contends that, once it was aware that it had made a mistake, it offered to dismiss its suit.

Instead of agreeing to a dismissal, however, Defendant filed a motion for summary judgment seeking primarily payment of his attorney's fees and costs via § 523(d). As previously noted, no one disputes that the suit should now be dismissed. The only issue regards Defendant's attorney's fees and costs.

"Congress enacted [§] 523(d) out of concern that creditors were using the threat of litigation to induce consumer debtors to settle for reduced sums, even though the debtors were in many cases entitled to discharge." Martin v. Bank of Germantown (In re Martin), 761 F.2d 1163, 1167-68 (6th Cir. 1985). "To prevail on a motion for costs and attorney fees under § 523(d), a debtor must

2

establish that (1) the creditor requested a determination of the dischargeability of the debt under § 523(a)(2), (2) the debt is a consumer debt, and (3) the debt was discharged." Swartz v. Strausbaugh (In re Strausbaugh), 376 B.R. 631, 636 (Bankr. S.D. Ohio 2007) (internal quotation marks and citations omitted).

"Once the debtor establishes these three elements, the burden then shifts to the creditor to prove either that its position was substantially justified or that special circumstances exist that would make an award of costs and attorney fees unjust."[1] Id. (citation omitted). A preponderance of the evidence is the burden of proof that shifts to the creditor. Colabianchi v. Thomas (In re Thomas), 258 B.R. 167, 168 (Bankr. N.D. Ohio 2001). As this Court previously recognized in Phillips, 153 B.R. at 763 (internal quotation marks and citation omitted), the proper test for determining whether a creditor's complaint was "substantially justified" is "whether the complaint had a reasonable basis in both law and fact." See also Knoxville TVA Employees Credit Union v. Sallie (In re Sallie), 2009 Bankr. LEXIS 2097, at *31 (Bankr. E.D. Tenn. 2009) (citation omitted) (applying same test); Thomas, 258 B.R. at 169 (interpreting the test in Phillips to be a "totality of the circumstances" test). As for "special circumstances," the determination thereof "is an undertaking that can be accomplished fluidly in the course of § 523(d) totality of the circumstances review, with the court's discretion constrained by traditional limitations on its equitable powers." Bridgewater Credit Union v. McCarthy (In re McCarthy), 243 B.R. 203, 210 (B.A.P. 1st Cir. 2000). Special circumstances can arise in circumstances where (1) "a dishonest debtor wins a § 523(a) case on a technicality" or (2) a

---

[1]Almost 20 years ago in Rochester Hills Chrysler Plymouth v. Phillips (In re Phillips), 153 B.R. 758, 763 (Bankr. E.D. Mich. 1993), this Court did not recognize a burden shift. Today's courts nevertheless uniformly recognize the burden shift. See Kilbey v. Nawrocki (In re Nawrocki), 2010 Bankr. LEXIS 3516, at *12 n.5 (B.A.P. 9th Cir. 2010) ("[W]e are unable to locate any decisions expressing a different view.").

defendant undertakes "affirmative activity," such as not attending or participating in good faith in a First Meeting of Creditors or Rule 2004 hearing or by making a misrepresentation. Firstbanks v. Goss (In re Goss), 149 B.R. 460, 463-64 (Bankr. E.D. Mich. 1992) (Spector, J.).

Plaintiff concedes that Defendant satisfies his initial burden, but contends that it too satisfies the burden shifted to it. Prior to the hearing held on February 23, 2012, Plaintiff's argument focused on the "special circumstances" exception. At the hearing, Plaintiff's focus changed to the "substantially justified" exception. Plaintiff's argument nevertheless falls short under both. The argument Plaintiff advances under both exceptions is basically the same: (1) that in filing its suit, Plaintiff relied in good faith upon its records, unbeknownst to it at the time that they were faulty; and (2) that the suit continued only because Defendant continued to conceal his awareness of their inaccuracy.

Plaintiff's argument clearly is not one which warrants exception from the reach and effect of § 523(d). Plaintiff relied solely upon a singular transaction document that it itself created in error, and thereafter brought a lawsuit seeking nondischargeability for a debt that it now acknowledges is dischargeable. Without opining on whether culpable conduct was actually at play here, the general circumstances themselves are of the nature that § 523(d) was intended to redress. Although he chose not to do so, Defendant could have responded to Plaintiff's suit and offer to settle by agreeing to the nondischargeability of a portion of the debt in question in order to simply minimize his potential costs of litigation and other hardship. Seemingly other debtors in Defendant's shoes would have. Defendant did not though. He appears to have properly prosecuted his bankruptcy, including attending and participating in good faith in his First Meeting of Creditors. He now defends himself in this action via not technicalities but instead through a series of conventional credit card statements

4

showing that the debt incurrence at issue arose outside of the 90-day time frame subsumed by § 523(d). Plaintiff created those statements, presumably had and has access to them, and, one would think, would have at least consulted them prior to bringing a lawsuit based on the contents thereof. Where, as here, a thorough review and analysis of all of Plaintiff's own records in respect to the transaction in question would have revealed the true facts, it cannot be said that Plaintiff's position in this case was substantially justified, particularly and additionally in light of the facts that soon after the initial charge Defendant disputed it and Plaintiff thereafter itself issued credits with respect to that charge.

Therefore § 523(d) is applicable here and requires payment by Plaintiff of reasonable attorney's fees and costs. Defendant shall present an order which provides for same and requires Defendant to present a detailed application for such and prescribes a procedure for objection to, and a Court determination of, such.

**Signed on August 03, 2012**

                                                **/s/ Walter Shapero**
                                                **Walter Shapero**
                                                **United States Bankruptcy Judge**